UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNION PACIFIC RAILRAOD ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-0768** |
| **JEFFERSON MARINE TOWING, INC. ET AL.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion of Union Pacific Railroad and New Orleans & Gulf Coast Railway Company to strike testimony or, alternatively, to rule on objections in deposition is **DENIED**. (Document #100.) The motions for summary judgment have been denied, and the defendants do not intend to introduce Captain Warren's testimony by deposition at trial.

**IT IS FURTHER ORDERED** that the motion of Jefferson Marine Towing, Inc. and XL Specialty Insurance Company to exclude the plaintiffs' expert, Arthur Sargent, is **DENIED**. (Document #99.)

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify

thereto in the form of an opinion or otherwise.

"[W]hether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier of fact."  Advisory Committee Notes to Rule 702.  Expert testimony should be excluded if the court finds that the situation can be adeptly assessed using common experience and knowledge.  Jones v. Globalsantafe Drilling Co., 2004 WL 1801752 (E.D. La. 2004) (citing Peters v. Five Star Marine Service, 898 F.2d 448, 450 (5th Cir. 1990)).

The court finds that Arthur Sargent possesses the requisite knowledge to give expert testimony.  He has over 45 years of experience as an expert naval architect, including matters of maneuvering vessels in restricted channels, the investigation of vessel casualties, and recommending the power of towing for vessel movement.  Sargent inspected the tow package and conducted research regarding the two tugs involved in the case.  His testimony concerning the towage of the M/V SPECULATION will assist the trier of fact.

New Orleans, Louisiana, this  31st  day of August, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

2